IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 3:10-cr-30088-NJR-1 |
| CORTEZ L. WOOTEN, | |
| Defendant. | |

# ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion to Withdraw as Attorney (Doc. 149) by Stephen R. Welby and a Response to Order to Show Cause and *pro se* Motion Pursuant to First Step Act (Doc. 151) filed by Defendant Cortez L. Wooten.

On March 29, 2011, a jury found Wooten guilty of possession with intent to distribute cocaine (Count 1). On July 8, 2011, Wooten was sentenced to life imprisonment without release on Count 1 (Doc. 98).

On September 13, 2012, the Seventh Circuit vacated Wooten's sentence remanding the case for resentencing on the grounds that the district court erred in concluding that he could not benefit from the lower mandatory minimums established by the Fair Sentencing Act (Doc. 129-1). On November 29, 2012, Wooten was resentenced to 360 months' imprisonment as to Count 1 and supervised release for a term of 8 years (Doc. 136).

Wooten was included on the United States Sentencing Commission's list of

potentially eligible defendants for relief under Section 404 of the First Step Act. On February 5, 2019, Welby, Federal Public Defender for the Southern District of Illinois, entered his appearance as counsel of record for Wooten (Doc. 145). On July 23, 2019, he filed a Motion to Withdraw as Attorney (Doc. 149) on the grounds that Wooten's sentence was previously reduced in accordance with the Fair Sentencing Act, which would make him ineligible for a sentencing reduction under § 404 the First Step Act. § 404(c). On July 24, 2019, the Court ordered Wooten to show cause as to why the Court should not grant Welby's Motion to Withdraw (Doc. 150). On August 26, 2019, Wooten filed a Response to Order to Show Cause (Doc. 151) asserting that he is entitled to a sentence reduction pursuant to the First Step Act.

Section 404 of the First Step Act makes the provisions of the Fair Sentencing Act of 2010 retroactive to defendants who committed their offenses and were sentenced before August 3, 2010. *See* First Step Act, § 404. The Act gives district courts discretion to reduce a defendant's sentence for a crack cocaine offense as if the sections of the Fair Sentencing Act were in effect at the time the defendant's offense was committed. *Id.*

Section 404 of the First Step Act provides, in relevant part:

(a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.

(b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in

effect at the time the covered offense was committed.

(c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

The First Step Act prohibits a Court from entertaining a motion to reduce a sentence where the Court had previously imposed that sentence in accordance with the amendments made by Sections 2 and 3 of the Fair Sentencing Act. *Id*. Here, Wooten was resentenced pursuant to the Fair Sentencing Act, which removes the mandatory minimum life sentence for simple possession. Wooten has cited no case law or statute that would support this Court deviating from the limitations imposed by the First Step Act.

For these reasons, Motion to Withdraw as Attorney (Doc. 149) by Stephen R. Welby is **GRANTED**. The Response to Order to Show Cause and *pro se* Motion Pursuant to First Step Act (Doc. 151) filed by Defendant Cortez L. Wooten is **DENIED**.

**IT IS SO ORDERED.**

DATED:   April 29, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**