**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**CORTEZ L. WOOTEN,**<br><br>**Defendant.** | **Case No. 3:10-CR-30088-NJR-1** |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Pending before the Court is Defendant Cortez L. Wooten's *pro se* Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons set forth below, the motion is denied.

## BACKGROUND

In March 2011, Cortez L. Wooten was convicted by a jury on a charge of possession with intent to distribute more than fifty grams of cocaine base. (Doc. 164 at p. 4). On July 8, 2011, Wooten was sentenced to a term of life imprisonment without release. (*Id.* at p. 5). Upon an appeal by Wooten, the Court of Appeals for the Seventh Circuit remanded the matter for resentencing. (*Id.*). In November 2012, the Honorable David R. Herndon sentenced Wooten to a term of imprisonment of 360 months and a term of supervised release of eight years. (*Id.* at p. 6). Wooten later received an executive grant of clemency, further reducing his sentence from 360 months to 280 months. (*Id.* at p. 7).

Wooten is currently incarcerated at FCI-Terre Haute. He is scheduled to be released

on December 18, 2031.[1]

Wooten argues his medical conditions, changes in the law, his excessive sentence, and the fact he was granted executive clemency constitute extraordinary and compelling reasons to release him under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A). The Government opposes his motion.

## LEGAL STANDARD

With few narrow exceptions, a district court's conviction and sentence of imprisonment is final and may not be later modified by the court. *Dillon v. United States*, 560 U.S. 817, 824 (2010) (citing 18 U.S.C. §§ 3582(b), 3582(c)(2)). Section 3582(c)(1)(A) permits a court to reduce a term of imprisonment, upon a properly filed motion, if the defendant establishes extraordinary and compelling reasons for a reduction, the reduction is consistent with the applicable Sentencing Commission policy statement, and the relevant § 3553(a) factors support the requested relief. § 3582(c)(1)(A). In practice, when evaluating a motion for a sentencing reduction under § 3582(c)(1)(A), a court must first evaluate whether the prisoner has presented an "extraordinary and compelling" reason. *United States v. Thacker*, 4 F.4th 569, 576 (7th Cir. 2021). If the defendant clears this hurdle, then the district court shall consider any applicable sentencing factors in § 3553(a) to determine what sentencing reduction to award. *Id.*

## DISCUSSION

### I. Exhaustion of Administrative Remedies

As an initial matter, Wooten has satisfied the exhaustion requirement. He requested compassionate release from the Bureau of Prisons on February 6, 2024; his request was denied

[1] Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Oct. 20, 2026).

the very same day. (Doc. 156 at pp. 2, 5–6). The parties do not dispute that Wooten exhausted his statutorily required administrative remedies before filing his motion for compassionate release. The Court therefore proceeds to the merits.

**II. Extraordinary and Compelling Reasons Justifying a Reduction in his Sentence.**

The United States Sentencing Guidelines describe "extraordinary and compelling" reasons as medical circumstances, age of the defendant, family circumstances of the defendant, the defendant's suffering of sexual or physical abuse while in custody, an unusually long sentence, or any other circumstance or combination of circumstances that when considered by themselves or with any of the enumerated reasons are similar in gravity to the enumerated reasons. U.S.S.G. § 1B1.13(b). A defendant moving for compassionate release bears the burden of establishing the existence of extraordinary and compelling reasons justifying his or her release. *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Wooten cites many *potential* reasons that could amount to extraordinary and compelling reasons; however, none sufficiently clear that hurdle.

*A. Medical Circumstances*

First, Wooten lists his medical circumstances, his stage IV liver disease and "post-transplant, lifelong immunosuppression." (Doc. 156 at p.2). In his "Brief Outline," Wooten states that at "age 49," he "suffers Stage IV liver disease, post liver transplant, requiring lifelong immunosuppression." (*Id.*).

Medical circumstances may encompass any one of several situations: the defendant's terminal illness; the defendant's inability to provide self-care in a correctional facility and from which the defendant is not expected to recover; a condition that critically requires long-term or specialized care that is not being provided. U.S.S.G. § 1B1.13(b)(1). Wooten has not

demonstrated that any of the above describe his current situation. In fact, it is the opposite.

Notably, there is some confusion as to his medical circumstances. In 2023, Wooten received a liver transplant at Beth Israel Deaconess Medical Center in Boston, Massachusetts. (Doc. 156 at pp. 17-18). Thus, he presumably is no longer suffering from Stage IV liver disease. It is unclear, however, whether he is asserting he still suffers from liver disease or whether he is seeking to use a *former* medical condition to make an "extraordinary and compelling reason" argument. But the medical records provided do not evidence a *current* diagnosis of Stage IV liver disease.

There is also no indication that Wooten is not receiving appropriate care or that his healthcare provided by the Bureau of Prisons is insufficient to manage his conditions. (*See* Doc. 164 at pp. 8–12). Moreover, it is unhelpful to Wooten's case that he cites to his "medical condition" as grounds for compassionate release when he appears to have refused medical treatment on several occasions. (*Id.* at pp. 11–12). Even ignoring the lack of clarity surrounding Wooten's liver disease, he has not demonstrated the existence of medical circumstances amounting to an extraordinary and compelling reason for a sentence reduction.

*B. Unusually Long Sentence*

Under Sentencing Guideline § 1B1.13(b)(6), if a defendant has received an unusually long sentence and has served ten years of that term, a change in the law may be considered in determining whether the defendant presented an extraordinary and compelling reason for a sentence reduction. The Court may consider the change if it would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion was filed and after full consideration of the defendant's individualized

circumstances. U.S.S.G. § 1B1.13(b)(6). To be clear, non-retroactive changes in sentencing laws are *not* grounds for compassionate release. *Rutherford v. United States*, 608 U.S. 454 (2026). Wooten's only support for his reason is two cases: *Mathis v. United States*, 579 U.S. 500 (2016), and *United States v. Thacker*, 4 F.4th 569, 576 (7th Cir. 2021). Unfortunately, neither advances Wooten's arguments.[2]

The crux of Wooten's argument seems to be that his sentence was too long. Before he was granted executive clemency, his sentence was 360 months. The Court is inclined to agree that despite his record, 360 months (initially lifetime imprisonment before resentencing) for a conviction of possession with intent to distribute more than fifty grams of cocaine (51.2 grams to be precise) appears on the more severe end. (*See* Doc. 129-1 at pp. 1, 3). Regardless, a sentence that is lawful, even if "too long," cannot equate to an extraordinary and compelling reason. *United States v. Williams*, 2022 WL 267890, at *2 (E.D. Wis. Jan. 28, 2022), *aff'd,* 65 F.4th 343 (7th Cir. 2023) (citing *United States v. Thacker*, 4 F.4th at 574). To accept this argument would be to "allow the compassionate release statute to operate in a way that creates tension with the principal path and conditions Congress established for federal prisoners to challenge their sentences embodied in 28 U.S.C. § 2255 and related provisions." *Id* (citation modified).

*C. Executive Clemency*

Finally, Wooten asserts his grant of executive clemency as indicative of an extraordinary and compelling reason. The Court is not so moved. There is little to indicate that a grant of executive clemency is on par with the circumstances described in § 1B1.13(b)

[2] *Mathis v. United States* held that a prior state conviction does not qualify as an Armed Career Criminal Act predicate offense if a crime's elements are broader than those of the generic offense. 579 U.S. at 503–506. *Thacker* held that neither non-retroactive changes in sentencing laws nor lengths of lawful sentences (inherently) constitute extraordinary and compelling reasons. 4 F.4th at 574–75. The Court is unable to discern the relevant propositions for which Wooten cites either case.

or any combination thereof. And no case law has been presented in which a court has considered it as such.

## CONCLUSION

The Court has also considered Wooten's asserted circumstances collectively. His medical conditions are being treated, he has not established a qualifying change in law or the required sentencing disparity, and the prior commutation does not independently support a further reduction. Considered together, these circumstances do not rise to the level of an extraordinary and compelling reason for a sentence reduction.

Because Wooten has not demonstrated the existence of any extraordinary and compelling reasons for compassionate release pursuant to 18 U.S.C. § 3582, the Court need not consider the factors under 18 U.S.C. § 3553(a).[3]

Accordingly, Wooten's Motion for Compassionate Release (Doc. 156) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: October 21, 2026**

**NANCY J. ROSENSTENGEL**
**United States District Judge**

[3] Even if the Court were convinced that Wooten has presented extraordinary and compelling reasons, his disciplinary history while incarcerated is cause for serious concern and would counsel against a sentence reduction upon consideration of the § 3553(a) factors. (*See* Doc. 164-3).